## PENNIMAN vs. SWEETZER.

*Fourth District Court for San Francisco Co., Feb. T.,* 1858.

### ATTACHMENT—CONTRACT—ACCOUNT STATED. .

*A.,* residing out of this state, forwarded goods, to be sold on commission, to *B.,* residing in this state, who forwarded *A.* a stated account of the sale and balance due *A.* *A.* brought an action for this amount—"found due upon an account stated "—and caused a writ of attachment to be issued. Upon motion to discharge the same upon the ground that the action was not brought upon "a contract, express or implied, for the direct payment of money, made or payable in this state," it was

*Held,* That—inasmuch as the action was brought—not alone for a breach of the original contract—but also on the account stated, which created a liability independent of that growing out of a breach of the original contract, and which account purported to be made and dated in this state—the writ was properly issued.

On motion to discharge a writ of attachment. The requisite facts are sufficiently set forth in the opinion.

*E. Casserly,* for plaintiff.

*Janes, Lake & Boyd,* for defendant.

*E. Casserly,* for plaintiff:

An account stated imples a new promise to pay the balance found due. *Truman* v. *Hurst,* 1 *T. R.,* 42 ; 10 *Barr.,* 425 ; *Yates* v. *Gardiner,* 5 *L.* & *Eq.,* 541 ; *Knowles* v. *Michel,* 13 *East.,* 249 ; 3 *Black's Comm.,* 158, 161-2-3 ; *Holmes* v. *D' Camp,* 1 *Johns.,* 34–6.

HAGER, J.—The plaintiff, residing in the city of New York, forwarded goods, etc., to defendants, merchants, residents of San Francisco, to be sold on commission, and proceeds to be remitted to plaintiff. Defendants sold the goods, and forwarded a stated account, containing the net proceeds of the sales, the charges against them, and the balance due the plaintiff.

Motion is now made to discharge plaintiff's attachment, issued at the commencement of the action, on the ground that plaintiff has not sued upon a contract which is made, or is payable in this state.

There was a breach of the original contract, on the part of the defendants, when they forwarded the account showing the amount due, and omitted to remit the money to plaintiff.

The account is dated San Francisco, November 30, 1857, and creates a liability, independent of the original liability, that may, *per se,* be a substantive cause of action. The complaint alleges an indebtedness found due upon *the account stated,* and upon the affidavits submitted, taken in connection with the allegations of the complaint, I am of the opinion that it sufficiently appears that the action is upon an implied contract for the direct payment of money, which contract is made and is payable in this state, within the meaning of our statute.

Motion denied.